PEOPLE *ex rel.* ROUSE *v.* FRENCH *et al.,* Police Commissioners.

(*Supreme Court, General Term, First Department.* October 24, 1890.)

MUNICIPAL CORPORATIONS—REMOVAL OF POLICEMAN—WEIGHT OF EVIDENCE.

Relator was dismissed from the police force upon a charge of intoxication. He admitted, after stating he had been treated for sciatic rheumatism, that he had been up all night, had no sleep, and took a glass of brandy; that he had had nothing to eat; that he was not accustomed to brandy, and it went to his head. *Held,* that the sufficiency of this explanation was a question for the commissioners, and that their determination would not be disturbed.

*Certiorari* to review the dismissal of relator, John F. Rouse, from the police force of the city of New York.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Louis J. Grant,* for appellant. *John J. Delaney,* for respondent.

BRADY, J. The charge in this case was conduct unbecoming an officer, and the specification that the relator was so much under the influence of liquor as to render him unfit for duty. Upon the trial the relator admitted, after a statement that he had been treated for sciatic rheumatism, that he had been up all night, had no sleep, and took a glass of brandy; that he had had nothing to eat; that he was not accustomed to brandy, and it went to his head. This was the explanation given for his condition, which, on the evidence, must be regarded as one of intoxication. The question presented is whether, upon the evidence, this makes out a case of voluntary intoxication; whether, in other words, a drink taken from a feeling of prostration, and which results in intoxication, is such a transgression as, under the rules of

the department, justified the removal of the offender. It resembles in its features, although perhaps less censurable, the case of *People* v. *French,* 119 N. Y. 504, 23 N. E. Rep. 1061, by which the judgment of the commissioners in removing the officer was maintained. We cannot distinguish that case from this in its legal aspects. Assuming the power to reverse, we cannot say that there is such a preponderance of evidence against the determination made by the commissioners as to require us to set aside their judgment. The question presented was one to be disposed of on evidence which was sufficient to prove the specification, and which was only answered by explanation which was not of such a character as to be conclusive. For these reasons the writ must be dismissed. All concur.